***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Stanback and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. That all parties are properly before the Industrial Commission, are subject to and bound by the provisions of the Workers Compensation Act, that the Commission has jurisdiction over the parties and of the subject matter, and that the Employer-Employee relationship existed between Plaintiff and Defendant-Employer.
2. That all parties have been correctly designated, and there are no questions as to misjoinder or non-joinder of the parties.
 ***********
The parties entered into evidence the following Stipulated Exhibits:
 STIPULATED EXHIBITS
1. I.C. Forms and Filings
2. Employer Reports of Injury
3. Medical Records
4. Plaintiff's Discovery Responses
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff lives at 2404 Harvard Avenue in Durham, North Carolina and is 49 years old with a date of birth of December 4, 1960. The plaintiff has a tenth grade education and has not received her GED. Plaintiff started working at Duke University in 1997 or 1998 and worked as a cashier at the Chick-fil-A franchise on Duke University's campus. After two years of working at Chick-fil-A, plaintiff moved to the Great Hall where she served food to students on a serving line and did cleaning. Following that job she began working at the Subway franchise on the campus. *Page 3 
2. The plaintiff alleged that sometime in October of 2007 on a Sunday she was jerking on a freezer door when she felt pain in her right shoulder. The plaintiff claimed that she told her supervisor that she had injured her shoulder and also claimed that her supervisor refused to provide her any medical treatment.
3. The plaintiff filed a Form 33 request for hearing on April 6, 2009, alleging an October 14, 2007, upper right arm injury. A Form 61 denying an October 14, 2007, injury to the right arm was filed on June 16, 2009.
4. An Employer injury report dated October 15, 2007, indicates that plaintiff pulled open a freezer door when it was frozen shut and pulled a muscle in her back. There is no mention of any injury to her right arm. The report of work-related injury was completed by Beverly Fullard and it clearly indicated that plaintiff complained of back pain only.
5. On October 15, 2007, the plaintiff treated at Duke Employee Occupational Health and Wellness Center with Dr. Carol Epling. Plaintiff's chief complaint on this date was low back pain radiating to her right upper buttocks. The plaintiff indicated to the doctor that she began experiencing low back pain at 3:00 p.m. the preceding day. The plaintiff recalled pulling and tugging on a door to a freezer. The record indicates that the plaintiff did not experience any back pain at that time. The plaintiff stated that she began to experience pain in her low back that night. Plaintiff was diagnosed with a low back strain. There is no mention of any right arm injury.
6. On December 12, 2007, the plaintiff first complained of a right shoulder strain when she treated at Duke Employee Occupational Health and Wellness Center. The plaintiff complained of discomfort in her right upper extremity which plaintiff stated was due to repetitive motion activities of slicing vegetables and meat throughout the day. No specific injury date was noted and there is no mention of an incident involving a freezer door. *Page 4 
7. On January 14, 2008, plaintiff treated with Dr. Louis C. Almekinders for pain in her right shoulder. On this date the plaintiff complained of right shoulder problems and stated that the onset was gradual with an injury caused by having to slice a large amount of tomatoes. There is no mention of an incident involving a freezer door.
8. On August 5, 2008, plaintiff treated with Dr. Blake Boggess at Family Medical Clinic at Duke University and complained of right shoulder pain. Plaintiff stated to Dr. Boggess that she worked at Subway and had to do a lot of prep work. Plaintiff stated that no particular trauma or injuries started her pain. On September 17, 2008, plaintiff was treating with Dr. Blake Boggess. She was following up for right shoulder pain and reported to the doctor that "there was some falls with trauma."
9. Plaintiff did not relate her right shoulder problems to an incident involving a freezer door for over a year after the alleged injury date and never filed a Form 18 for the alleged shoulder injury.
10. Plaintiff claimed that Duke had refused to authorize any treatment and had failed to report her problems. When asked for an explanation of the inconsistencies in the medical records, the employer records and her allegations, plaintiff responded that there was a conspiracy involving her supervisor and some of her treating physicians.
11. The undersigned do not find plaintiff's claims and testimony that she sustained a compensable injury by accident causing injuries to her right shoulder to be credible in light of the objective medical evidence presented.
12. Based upon the greater weight of the evidence, including the consideration of plaintiff's testimony, the undersigned find that the preponderance of the credible evidence fails to establish plaintiff's right shoulder condition is causally related to the incident at work occurring in *Page 5 
October of 2007.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6)
2. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment.Henry v. A.C. Lawrence Leather Co.,231 N.C. 477, 57 S.E.2d 760 (1950). Plaintiff failed to carry the burden of proving by competent evidence that she sustained an injury by accident arising out of and in the course and scope of her employment with defendant or that a causal relationship existed between the alleged work-related accident and the disability for which compensation is sought. N.C. Gen. Stat. § 97-2(6);Click v. Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Based upon the law, Plaintiff's claim must be, and is hereby DENIED.
2. The parties shall pay their own costs.
This the 29th day of March, 2010. *Page 6 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1